UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 99 CR 545-1 |
| QUINCY JACKSON, | ) |
| | ) Judge John W. Darrah |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Quincy Jackson was charged by indictment with conspiracy to possess with the intent to distribute cocaine and crack cocaine and distributing cocaine. On May 9, 2000, Defendant entered into a written plea agreement with the Government. The written plea agreement provided for a specific term of 20 years' imprisonment. Since Defendant was sentenced, amendments to the United States Sentencing Guidelines, 18 U.S.C. 3582(c), reduced the offense levels for crack offenses and allowed for the retroactive reduction of certain drug-related sentences in certain instances. Defendant now seeks a reduction in his sentence pursuant to the Amended Sentencing Guidelines.

### BACKGROUND

The Government indicted Defendant Quincy Jackson in the summer of 2000. (Gov.'s Resp. at 1-2.) On May 9, 2000, Defendant entered into a written plea agreement with the Government. (*Id.*) In the plea agreement, Defendant admitted to purchasing and distributing large quantities of cocaine and crack cocaine as a member of the Gangster Disciples street gang. (*Id.*) Furthermore, Defendant agreed to cooperate with the Government. (*Id.* at 2.) In exchange for Defendant's successful cooperation, the Government agreed to make the cooperation known

1

to the Court and move the Court to reduce Defendant's sentence. (*Id.*) The plea agreement specifically called for Defendant to receive a sentence of 20 years' imprisonment. (*Id.*) On May 10, 2012, Defendant filed this Motion for a Reduction in Sentence. (Def.'s Mot. at 1.) In the Motion, Defendant seeks to have his sentence reduced from 240 months (20 years) to 173 months (14 years, 6 months). (*Id.*)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(2), a district court may exercise its authority to modify a criminal sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court recently addressed this issue in a split decision: *Freeman v. United States*, 131 S. Ct. 2685 (2011) (*Freeman*). Justice Sotomayor wrote the controlling opinion.[1] She concluded the district court's power to grant relief to a defendant who entered into a plea agreement depends on the written language of the plea agreement. *Freeman*, 131 S. Ct. at 2695. Justice Sotomayor "agreed with the dissent in that a sentence imposed pursuant to a binding plea agreement is based on the agreement so that relief under § 3582(c)(2) is usually not available." *U.S. v. Dixon*, No. 11-3802, 2012 WL 2913732, at *2 (7th Cir. July 18, 2012) (*Dixon*). When discussing the Sentencing Guidelines used by district courts, Justice Sotomayor explained, "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. . . . The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations;

---

[1] When a majority of the justices do not agree on a single rationale for deciding a case, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977).

2

instead . . . it is based on the binding agreement produced by those negotiations." *Freeman*, 131 S. Ct. at 2697. Two exceptions exist to this rule regarding sentences "based on" the Guidelines: first, when the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," which the court then accepts, such a sentence is based on the Sentencing Guidelines. *Id.* at 2697. The second exception occurs when:

> A plea agreement might provide for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range.

*Id.* at 2697-98. Therefore, under the approach set forth in *United States v. Freeman*, "a prisoner sentenced under a binding plea agreement is eligible for § 3582(c)(2) relief only if the binding plea agreement itself expressly refers to and relies on a guideline sentencing range." *Dixon*, 2012 WL 2913732, at *3.

## ANALYSIS

It is under this framework, set out in the *Freeman* opinion, that Defendant's Motion for Reduction in Sentence is considered. The plea agreement entered into between the Government and Defendant expressly provided for a sentence of 20 years. (Gov.'s Resp. at 2.) It did not specifically refer to a Guidelines range. Because the plea agreement did not specifically reference a Guidelines range, Defendant's agreement does not fall within Justice Sotomayor's first exception. *Freeman*, 131 S. Ct. at 2697.

The second exception requires that a plea agreement for a specific term of imprisonment "make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense . . . ." *Id.* at 2697-98. No Guidelines range appears anywhere within the text of

3

Defendant's plea agreement. The plea agreement does set forth Defendant's offense level (40) and criminal history category (VI). (Def.'s Mot. 1.) The agreement also makes clear that the count to which Defendant pled guilty carried a mandatory minimum sentence of ten years' imprisonment, with a maximum sentence of life in prison. (Plea Agreement at 7-8.) The plea agreement then states that Defendant would be sentenced to a specific term of twenty years, provided the Court agreed to such a term. (Plea Agreement at 12.) In contrast to the defendant in *Freeman*, here, Defendant's plea agreement does not expressly link the offense level and criminal history to the specific term agreed upon. Rather, the plea agreement specifically provides that the Government will move the court "to depart from the applicable sentencing guidelines range and the statutory minimum sentence, and to impose the *specific sentence agreed to by the parties* as outlined below." (Plea Agreement at 11) (emphasis added). The terms of Defendant's plea agreement do not "make clear" that any particular Guidelines range was "employed." *Freeman*, 131 S. Ct. at 2697, 2700 (Sotomayor, J., concurring in the judgment). Because there is no link between the sentence imposed and an applicable Guidelines range, neither of the exceptions outlined by Justice Sotomayor in *Freeman* are applicable to Defendant's case.

## CONCLUSION

Finding that Defendant's term of sentencing was not subject to or "based upon" the Sentencing Guidelines, Defendant is not entitled to a reduction in his sentence pursuant to the Amendments to the Sentencing Guidelines. Therefore, Defendant's Motion for a Reduction in Sentence is denied.

Date: September 12, 2012

JOHN W. DARRAH
United States District Court Judge